CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 24 2013

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **LLOYD WAYNE SHEPPARD,** | ) | CASE NO. 7:13CV00432 |
| | ) | |
| Petitioner, | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| | ) | |
| **HAROLD W. CLARKE,** | ) | By: Glen E. Conrad |
| | ) | Chief United States District Judge |
| Respondent. | ) | |

Lloyd Wayne Sheppard, a Virginia inmate proceeding pro se, filed this petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. He challenges the validity of his confinement under the February 2009 judgment of the Montgomery County Circuit Court under which he stands convicted of child abuse and aggravated malicious wounding and sentenced to 30 years imprisonment with 15 years suspended. The court finds that the petition must be summarily dismissed as successive, pursuant to 28 U.S.C. § 2244(b).[1]

Court records indicate that Sheppard previously filed a § 2254 petition concerning the same judgment, Civil Action No. 7:11CV00540, which was denied with prejudice. Thus, Sheppard's current petition is a subsequent one, falling under the prohibition in 28 U.S.C. § 2244(b) against a second or successive petition.

Pursuant to § 2244(b), a federal district court may consider a second or successive § 2254 petition only if petitioner secures specific certification from the United States Court of Appeals for the Fourth Circuit that the claims in the petition meet certain criteria. § 2244(b)(3). Because

---

[1] Under Rule 4(b) of the Rules Governing § 2254 Cases, the court may summarily dismiss a § 2254 petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

Sheppard does not demonstrate that he has obtained such certification by the Court of Appeals,[2] the court will dismiss the petition without prejudice as successive. An appropriate order will enter this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner.

ENTER: This 24th day of September, 2013.

_____
Chief United States District Judge

---

[2] Sheppard's submissions to this court included a copy of his application for certification to file a second § 2254 petition. Sheppard is advised that such an application must be submitted directly to the United States Court of Appeals for the Fourth Circuit and, until that court grants the required certification under § 2244, this court cannot proceed on his new § 2254 claims.